**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
PETER GRAZUL (SBN 342735)
*pgrazul@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiffs***

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AZAD and MIHAI CALUSERU, on behalf of themselves, all others similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>CAITLYN JENNER and SOPHIA HUTCHINS,<br><br>    Defendants. | Case No: 2:24-cv-9768-SB-JC<br><br>**REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL**<br><br>[15 U.S.C. §§ 77z-1, 78u-4]<br><br>Judge:    Hon. Stanley Blumenfeld Jr.<br>Hearing:  February 14, 2025, 8:30 a.m.<br>Location: Courtroom 6C |

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................... 1

II.  ARGUMENT ..................................................................................................... 1

      A.  Defendants Lack Standing to Challenge the JVC Group's
          Motion ..................................................................................................... 1

      B.  Movants Have Demonstrated the Propriety of Appointing the
          JVC Group Lead Plaintiff ..................................................................... 2

III.  CONCLUSION ................................................................................................. 4

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

# TABLE OF AUTHORITIES

**Cases**

*Flannery v. Snowflake Inc.*,
  2024 WL 4008764 (N.D. Cal. Aug. 29, 2024) ........................................................3

*Gluck v. Cell Star Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................1

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..................................................................................1

*In re Enron Corp. Secs. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ............................................................................1

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) .....................................................................................4

*Koffsmon v. Green Dot Corp.*,
  2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) ..........................................................3

*Koffsmon v. Green Dot Corp.*,
  2022 WL 170636 (C.D. Cal. Jan. 19, 2022) .........................................................2, 4

*Mannkind Secs. Actions*,
  2011 WL 13218021 (C.D. Cal. Apr. 27, 2011) .....................................................2, 4

*Takeda v. Turbodyne Techs., Inc.*,
  67 F. Supp. 2d 1129 (C.D. Cal. 1999) ....................................................................1

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
  2021 WL 533518 (S.D. Cal. Feb. 12, 2021) ...........................................................2

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(i) ...................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................1

ii

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

## I.    INTRODUCTION

On January 24, 2025, Defendants filed a Response to Movants' Motion to Appoint Lead Plaintiff and Counsel, arguing against their request to appoint their five-person group as Lead Plaintiff. (Dkt. No. 18, "Resp.") The Court, however, need not consider Defendants' Response, since in PSLRA cases, "defendants lack standing to challenge the adequacy or typicality of the proposed lead plaintiffs at this early stage of the litigation," *See In re Enron Corp. Secs. Litig.*, 206 F.R.D. 427, 439 (S.D. Tex. 2002) (collecting cases). To the extent the Court considers Defendants' arguments, it should find them unpersuasive, since their Response misconstrues or ignores facts concerning the JCV Group members' pre-existing relationship, as set forth in Movants' Joint Declaration (Dkt. No. 16-2 ("Joint Decl.")), and is premised on inapposite case law.

## II.    ARGUMENT

### A.    Defendants Lack Standing to Challenge the JVC Group's Motion

Defendants challenge Movants' adequacy based on their group status. (*See* Resp. at 3.) Under the PSLRA, however, "defendants lack standing to object to the adequacy or typicality of the proposed lead plaintiffs at this preliminary stage of the litigation." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999) (citing *Gluck v. Cell Star Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) ("The statute is clear that only potential plaintiffs may be heard regarding appointment of a Lead Plaintiff . . . . [I]t is clear that Defendants have no standing to oppose the appointment of Lead Plaintiff at this stage of the litigation.")). That is because the PSLRA provides only that "the court shall consider any motion *made by a purported class member*" in appointing a lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i) (emphasis added); *cf. In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("At the third stage, the process turns adversarial and *other plaintiffs* may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." (emphasis added)).

Movants recognize courts may nevertheless "*sua sponte* raise and address certain . . . concerns addressed in defendants' statement." *see Takeda*, 67 F.Supp.2d at 1138. To the extent

1

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

the Court exercises its discretion to do so here, it should find Defendants' arguments unpersuasive.

### B.    Movants Have Demonstrated the Propriety of Appointing the JVC Group Lead Plaintiff

Defendants characterize Movants as "unrelated plaintiffs" and "unrelated individuals, brought together for the sole purpose of aggregating their claims" (Resp. at 1 (quoting *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *5 (S.D. Cal. Feb. 12, 2021); *Koffsmon v. Green Dot Corp.*, 2022 WL 170636, at *1 (C.D. Cal. Jan. 19, 2022) [*Koffsmon II*]). Their assertion that Movants were "cobbled together solely for the purpose of this litigation," and lack a valid pre-existing relationship (*see id.* at 2), however, is contrary to testimony supporting the Motion. (Joint Decl. ¶¶ 2-6; *see also* Mot. at 4-6.)

Defendants argue Movants' relationship "is based solely on having purchased [$JENNER] and being part of an online Telegram community made up of as many as 200,000 members" (Resp. at 1-2), which they assert "does not meet the standard required to qualify as a lead plaintiff group under the PSLRA" (*id.* at 2 (citing *Mannkind Secs. Actions*, 2011 WL 13218021, at *3 (C.D. Cal. Apr. 27, 2011)). That mischaracterizes the facts.

Defendants established a public Telegram group ("$JENNER") around June 1, 2024. Only a week later, Movants began "branch[ing] off and start[ing] [their] own, smaller Telegram group chats consisting of the few largest $JENNER investors, which [Movants] used to communicate extensively with [each other] for several months regarding various aspects of the project." (Joint Decl. ¶¶ 2-3.) The first of these was "Eth Jenner," formed on June 8, 2024, and the second, "Top Tier whales," formed on July 16, 2024 by JCV Group member Lee Greenfield. (*Id.* ¶ 3.) Mr. Greenfield then created a third Telegram group on August 20, 2024, "Jenner Community Voices," after Defendants shut down or otherwise muted the public $JENNER Telegram group. (*Id.* ¶ 4; *see also* Compl., Dkt. No. 1 at ¶ 85(b) ("[T]he [public] Telegram account . . . ha[s] been shut down, and Jenner has all but abandoned the project, leaving holders with essentially worthless cryptocurrency.")) Far from these "Telegram communit[ies being] made up of as many as 200,000 members" (Resp. at 1-2), Eth Jenner has

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

19 members, Top Tier whales has 11 members, and Jenner Community Voices has 28 members. (Reply Declaration of Jack Fitzgerald ("Fitzgerald Decl.") ¶ 2.) Each of these small communities, of which Movants were members (*see* Joint Decl. ¶¶ 3-4) has at least hundreds of messages concerning the $JENNER project, including texts, media files, and screen shots, predating by months any contemplation or discussion of the present litigation (Fitzgerald Decl. ¶ 3; *see also* Joint Decl. ¶ 5).

Defendants' reliance on *Koffsmon* for the proposition that "such a group may not collectively serve as lead plaintiff under the PSLRA" (Resp. at 1), is misplaced. There, the court was considering competing motions for lead plaintiff, including one comprised of three investment groups, itself comprised of "several smaller institutional investors" with no pre-existing relationship. *See Koffsmon v. Green Dot Corp.*, 2021 WL 3473975, at *1-2 (C.D. Cal. Aug. 6, 2021). Where there was evidence the group "only came into being with the facilitation of [one of the constituent's] two law firms," *id.*, at *3 (quotation omitted), the court appointed the competitor lead plaintiff "[a]bsent any . . . compelling reason why a group of three smaller investors would better serve the interests of the class than a single, large, institutional investor," *see id.*; *cf. Flannery v. Snowflake Inc.*, 2024 WL 4008764, at *4 (N.D. Cal. Aug. 29, 2024) ("Unlike Green Dot, NYC Funds is comprised of eleven constituent legal entities with a clear pre-existing relationship and common counsel. Under such circumstances, the Court declines to find that NYC Funds may not aggregate their losses."). Here, there are no competing applications.

Defendants' reliance on *Mannkind Secs. Actions* is also misplaced. That court adopted the following "strict criteria" and standard for aggregation:

> To enable the court to assess whether the proposed group is capable of performing the lead plaintiff function, it should provide appropriate information about its members, structure, and intended functioning. Such information should include descriptions of its members, including any pre-existing relationships among them; an explanation of how it was formed and how its members would function collectively; and a description of the mechanism that its members and the proposed lead counsel have established to communicate with another about the litigation.

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

2011 WL 13218021, at *3-4 (citation omitted). Applying this standard, the court found the proposed lead plaintiff group was "missing" critical information, including any basis for finding "a pre-existing relationship between the four investors," and a lack of details concerning "how the group was formed and how they will cooperate collectively, and a description of the mechanisms that the four investors and their lead counsel have established to communicate with one another about the litigation." *Id.* at *4.

That is clearly not the case here. Not only does the JCV Group have a legitimate preexisting relationship (Joint Decl. ¶¶ 2-6), but it has provided detailed information about its formation, members, structure, and intended functioning (*see id.* ¶¶ 6-27).

Moreover, nothing here suggests the JCV Group's "members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel." *See Koffsmon II*, 2022 WL 170636, at *2 (quoting *In re Mersho*, 6 F.4th 891, 901-902 (9th Cir. 2021)). The opposite is true: Movants "have been in constant contact with other investors who are in the same position" and are "highly incentivized and motivated to assist in controlling this litigation to achieve the largest recovery possible for the Class." (Joint Decl. ¶ 7.) Movants have also "conducted (and continue to conduct) [their] own factual investigations to assist [] counsel in prosecuting this litigation . . . and all have been active in monitoring status of service on Defendants and discussing the case schedule and strategy." (*Id.*) They have also entered into a Joint Prosecution Agreement, which requires them to continue participating "in meetings and [] in decision-making by providing timely input on issues affecting the litigation; maintaining prompt and open communication with counsel and each other; and continuing to share information and collaborate in this litigation." (*Id.* ¶ 8.)

### III. Conclusion

The Court should disregard Defendants' Response, as they lack standing to contest Movants' adequacy or typicality. If the Court considers Defendants' arguments, it should reject them, as Defendants misconstrue or ignore the facts to argue Movants are unqualified to act as Lead Plaintiff together. If the Court nevertheless believes it best to appoint a single individual as Lead Plaintiff, the Court should appoint Lee Greenfield. (*See* Mot. at 7, 9.)

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL

Finally, the Court should appoint Fitzgerald Monroe Flynn PC as lead counsel. (*See id.* at 9-11.)

Dated: January 31, 2025                    Respectfully Submitted,

                                          /s/ Jack Fitzgerald

                                          **FITZGERALD MONROE FLYNN PC**
                                          JACK FITZGERALD
                                          *jfitzgerald@fmfpc.com*
                                          MELANIE R. MONROE
                                          *mmonroe@fmfpc.com*
                                          TREVOR FLYNN
                                          *tflynn@fmfpc.com*
                                          PETER GRAZUL
                                          *pgrazul@fmfpc.com*
                                          2341 Jefferson Street, Suite 200
                                          San Diego, California 92110

                                          ***Counsel for Plaintiffs***

*Azad et al. v. Jenner et al.*, Case No. 2:24-cv-9768-SB-JC
REPLY IN SUPPORT OF MOTION TO APPOINT LEAD PLAINTIFF AND COUNSEL