UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AZAD et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>CAITLYN JENNER et al.,<br><br>     Defendants. | Case No. 2:24-cv-09768-SB-JC<br><br>ORDER APPOINTING LEE GREENFIELD LEAD PLAINTIFF AND FITZGERALD MONROE FLYNN PC LEAD COUNSEL |

     Plaintiffs Naeem Azad and Mihai Caluseru filed this putative class action alleging that Defendant Caitlyn Jenner, aided by Defendant Sophia Hutchins, sold unregistered securities and committed securities fraud when marketing "$JENNER" cryptocurrency tokens on the Solana and Ethereum blockchains.  Dkt. No. 1.  Azad, Caluseru, and three other individuals—collectively, the "Jenner Community Voices Group" (JCV Group)—move to be appointed lead plaintiff under the Private Securities Litigation Reform Act (PSLRA).  Dkt. Nos. 16, 19.  As required by the PSLRA, Azad and Caluseru published notice advising purported class members of the pendency of the action, but no other investors have sought appointment.  The Court finds this matter suitable for resolution without oral argument and vacates the February 14, 2025 hearing.  Fed. R. Civ. Pro. 78; L.R. 7-15.  The Court grants the JCV Group's alternative request to appoint Lee Greenfield lead plaintiff, who is the "presumptively most adequate plaintiff" under the PSLRA and satisfies Rule 23's typicality and adequacy requirements.

I.

     The PSLRA requires district courts to select as lead plaintiff in a securities class action the member or members of the class "most capable of adequately representing the interests of class members."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)); *accord* 15 U.S.C. § 77z-

1

1(a)(3)(B)(i).  This selection is achieved through a three-step process:  (1) the plaintiff who filed the action must publish notice of the action; (2) the court must identify "the presumptively most adequate plaintiff" (i.e., the one with the largest financial stake in the action who satisfies the typicality and adequacy requirements of Rule 23); and (3) the court must afford other plaintiffs the chance to rebut the presumption of adequacy.  *Cavanaugh*, 306 F.3d at 729–30.

At the first step, the plaintiff must publish notice of the lawsuit in a "widely circulated national business-oriented publication or wire service."  15 U.S.C. § 77z-1(a)(3)(A)(i).  The notice must advise purported class members of the asserted claims, the class period, and the deadline for any class member to move to serve as lead plaintiff.  *Id*.  Here, Plaintiffs published notices with the required information in AP Newswire and PRNewswire.  Dkt. No. 16-1 ¶ 5; *id*. Ex. 2.  The notices satisfied the PSLRA's early notice requirements.  *See Marechal v. Acadia Pharms. Inc.*, No. 3:21-CV-762, 2021 WL 12317818, at *1–2 (S.D. Cal. Sept. 29, 2021) (finding publication in PRNewswire sufficient).

At the second step, the district court must identify the movant with the largest alleged losses and determine, based on pleadings and declarations, whether the movant has shown adequacy and typicality as required by Rule 23.  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  The JCV Group seeks appointment, and, in the alternative, asks the Court to appoint Greenfield, the individual with the largest losses in the JCV Group.[1]  *See* Dkt. No. 16-2 ¶ 28 (group declaration from JCV Group members stating that they "are confident [Greenfield] would adequately represent the Class as a single Lead Plaintiff" and have no objection to his appointment).

Greenfield's claims are typical of the putative class.  He purchased both Solana- and Ethereum-based $JENNER tokens in reliance on Jenner's allegedly

---

[1] Although the Ninth Circuit has not addressed whether unrelated plaintiffs may aggregate their claims to collectively become the presumptive lead plaintiff, most courts have held that they may not.  *Koffsmon v. Green Dot Corp.*, No. 19-CV-10701-DDP, 2022 WL 170636, at *2 (C.D. Cal. Jan. 19, 2022) (collecting cases).  The JCV Group asserts those cases are distinguishable because its members have a preexisting relationship:  they all purchased $JENNER tokens and participated in $JENNER-focused online groups.  Dkt. No. 19 at 2–4.  But the Court need not decide the issue because it grants their alternative request to appoint Greenfield as lead plaintiff.

misleading statements and omissions and suffered losses when the tokens plummeted in value. Dkt. No. 16-2 ¶¶ 17–18; *id.* Ex. 3. Though not all class members purchased both tokens, Greenfield's claims arise from losses allegedly suffered due to Defendants' conduct and appear to be "reasonably coextensive" with those of absent class members, which suffices for typicality. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017); *see also Adie v. Black Box Corp.*, No. 18-CV-2537-JGB, 2019 WL 13256115, at *3 (C.D. Cal. Feb. 28, 2019) (finding typicality where movant claimed "that the same course of conduct on Defendants' part caused the same type of injury to him and the other class members").

Greenfield also appears to satisfy the adequacy requirement. A plaintiff must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means that the lead plaintiff and his counsel must have no conflicts of interest with other class members and must be willing and able to prosecute the action vigorously on behalf of the class. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Greenfield and his counsel represent that they have no such conflicts of interest, and Greenfield has certified that he is committed to participating fully in the litigation and working to advance the interests of the class. Dkt. No. 16-2 ¶¶ 8, 25–27. Nothing in the record suggests otherwise. Consequently, Greenfield is presumptively the most adequate plaintiff.

At the final step, other class members have an opportunity to rebut the presumption that Greenfield is the most adequate plaintiff by offering proof that he will not, or cannot, fairly and adequately represent the class. *Mersho*, 6 F.4th at 896; *accord* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No class member, including the remaining JCV Group members, has objected to or questioned Greenfield's appointment. The presumption, therefore, has not been rebutted and Greenfield is appointed to serve as lead plaintiff.

## II.

As the designated lead plaintiff, Greenfield "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009). As a member of the JCV Group, Greenfield selected Fitzgerald Monroe Flynn PC (FMF) to serve as lead counsel. After reviewing FMF's submissions and credentials, Dkt. No. 16-1 ¶¶ 7–9; *id.* Ex. 3, the Court is satisfied on this record that Greenfield's choice is reasonable.

III.

Accordingly, the JCV Group's alternative request is granted, Lee Greenfield is appointed lead plaintiff, and FMF is appointed lead counsel.

No later than February 14, 2025, Greenfield shall file a first amended complaint. Defendants shall answer or otherwise respond to the complaint by March 7, 2025.

The Court also sets a mandatory scheduling conference in Courtroom 6C at 8:30 a.m. on February 28, 2025. The Court will separately issue a Mandatory Scheduling Conference Order, with which the parties must carefully comply.

Date: January 31, 2025                    _____
                                          Stanley Blumenfeld, Jr.
                                          United States District Judge