Jeffrey L. Steinfeld (SBN: 294848)
JLSteinfeld@winston.com
John E. Schreiber (SBN: 261558)
JSchreiber@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

George E. Mastoris (*pro hac vice*)
GMastoris@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Defendants*
*Caitlyn Jenner and Sophia Hutchins*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AZAD and MIHAI CALUSERU, on behalf of themselves, all others similarly situated, and the general public,<br><br>   Plaintiffs,<br><br> v.<br><br>CAITLYN JENNER and SOPHIA HUTCHINS,<br><br>   Defendants. | Case No. 2:24-cv-09768-SB-JC<br><br>CLASS ACTION<br><br>**DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Judge:  Hon. Stanley Blumenfeld, Jr.<br>Date:  May 9, 2025<br>Time:  8:30 a.m.<br>Courtroom: 6C<br>Action Filed: November 13, 2024 |

## I.    THE COURT MUST DENY THE REQUEST FOR JUDICIAL NOTICE

Defendants oppose Plaintiff's request for judicial notice. ECF No. 34 ("RJN"). Plaintiff asks the Court to judicially notice purported "facts" contained in two websites. *Id.* at 1:2–5; Opp. at 17, ECF No. 33. Purported "facts" in websites are not subject to judicial notice, and Plaintiff's request is an improper, thinly veiled attempt to amend the complaint through his Opposition. The Court should deny the request.

*First*, it is black-letter law that the Court may not take judicial notice of facts within websites. *Woodall v. Walt Disney*, 2024 WL 5337348, at *3 (C.D. Cal. Nov. 1, 2024) (denying request for judicial notice of facts on a website because the court "cannot take judicial notice of the truth of the contents of [the website], or the data from [another website]"); *Brutus & Barnaby v. Brutus Broth*, 2021 WL 3017516, at *3 (C.D. Cal. Apr. 2, 2021) (Blumenfeld, J.) (denying request for judicial notice "of the truth of the content within [website] screenshots"); *PlusPass v. Verra*, 2021 WL 4775573, at *3 (C.D. Cal. Aug. 9, 2021) (Blumenfeld, J.) (denying judicial notice of "website printouts" because they were "being offered for the truth of their content"); *Gerritsen v. Warner*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("information appearing on the third party websites is not a proper subject of judicial notice"); *see Saher v. Norton*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true."); *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (reversing because district court improperly considered "the facts recited [in requested documents]," not just "the existence of" the documents).

Plaintiff's authority is inapposite. *See Peviani v. Hostess*, 750 F. Supp. 2d 1111, 1117 (C.D. Cal. 2010) (granting, in part, defendants' request for judicial notice of a government agency's guidelines); *Avoy v. Turtle Mountain*, 2014 WL 587173, at *2 n.2 (N.D. Cal. Feb. 14, 2014) (unopposed judicial notice of a government agency's warning letters and guidance documents).

***Second***, even if the Court could theoretically take judicial notice of the requested facts (it cannot), Plaintiff may not use such procedure to "amend [its] complaint and defeat defendants' motion[] to dismiss." *Oklahoma Firefighters Pension v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) (denying plaintiff's request for judicial notice "because plaintiffs are attempting to use [the requested documents] to supplement allegations included in the complaint"); *see D & D Greek Rest. v. Great Greek Franchising*, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021) ("plaintiff cannot utilize judicially noticed documents for the purpose of supplementing the allegations in a complaint"); *Puma v. Forever 21*, 2017 WL 4771004, at *7 (C.D. Cal. June 29, 2017) ("even if properly subject to judicial notice, the referenced documents cannot be used to amend the FAC"). This is exactly what Plaintiff is trying to do. RJN at 1 (Plaintiff "requests that in reviewing his accompany Opposition to Defendants' Motion to Dismiss … the Court … take judicial notice of the following facts …."); Opp. at 17 (relying on RJN). Accordingly, Plaintiff's request for judicial notice must be denied.

## II.  CONCLUSION

The Court should deny Plaintiff's request for judicial notice and not consider the accompanying exhibits in ruling on Defendants' motion to dismiss.


DATED: April 18, 2025                   Respectfully submitted,

                                        WINSTON & STRAWN LLP


                                        By: */s/ Jeffrey L. Steinfeld*
                                            Jeffrey L. Steinfeld
                                            John E. Schreiber
                                            George Mastoris

                                            Attorneys for Defendants
                                            Caitlyn Jenner and Sophia Hutchins