UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAEEM AZAD et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CAITLYN JENNER et al.,<br><br>    Defendants. | Case No. 2:24-cv-09768-SB-JC<br><br>ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO EXTEND TIME AND PAGE LIMITS FOR MOTION TO DISMISS [DKT. NO. 45] |

    The Court dismissed Lead Plaintiff Lee Greenfield's First Amended Complaint (FAC) with leave to amend, cautioning that it "expects the Second Amended Complaint (SAC) to be more focused and judiciously pleaded than the 68-page FAC."  Dkt. No. 38 at 15.  On May 23, Greenfield filed a 99-page SAC that significantly expands his factual allegations but reduces his claims from nine causes of action to three:  (1) sale of unregistered securities by both defendants; (2) common-law fraud by Jenner, based on a single statement on May 27, 2024; and (3) quasi contract against Jenner based on her retention of "transaction taxes."  In response, Defendants filed an unopposed ex parte application to extend their deadline to respond to the SAC by two weeks to June 20 and to extend the briefing page limits to 35 pages for the motion and opposition and 20 pages for the reply.

    Defendants overstate the difficulty of responding to the SAC.  Although Greenfield has expanded his factual allegations, the claims to which Defendants must respond have been narrowed both in number and in scope.  The issues raised by the SAC also appear to overlap significantly with those Defendants have already researched and briefed in connection with the FAC.  Moreover, it is not obvious that the Court's decision to allow extra pages on the motion to dismiss the FAC led to more helpful briefing, which is why the Court cautioned that "[t]he

1

parties should not expect an extended word or page limit for briefing on any further motion to dismiss." Dkt. No. 38 at 15 n.8.  Accordingly, the request for extended page limits is denied, and the parties shall comply with the word limits in the Court's standing order for civil cases.  Dkt. No. 9 at 10.  The Court grants Defendants' request for extra time and will allow an additional two weeks to respond to the SAC.  Defendants shall file their motion to dismiss the SAC no later than June 20, 2025, to be set for hearing on August 1, 2025.  Greenfield's opposition shall be filed no later than July 7, 2025, and Defendants' reply, if any, shall be filed by July 18, 2025.  Additionally, no later than May 30, 2025, Greenfield shall file a "redlined" version of the SAC showing all additions and deletions from the FAC.

To coincide with the hearing on Defendants' motion to dismiss the SAC, the continued mandatory scheduling conference currently set for July 18 is further continued to August 1, 2025, at 8:30 a.m.  The parties shall file an updated joint Rule 26(f) report no later than July 22, 2025.

Date: May 28, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge