BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
cheryl.chang@blankrome.com
Jamison T. Gilmore (SBN 322100)
jamison.gilmore@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

Jennifer L. Achilles (*pro hac vice*)
jennifer.achilles@blankrome.com
Michael E. Donohue (*pro hac vice*)
michael.donohue@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.885.5000
Facsimile: 212.885.5001

Attorneys for Defendants
CAITLYN JENNER and
SOPHIA HUTCHINS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NAEEM AZAD and MIHAI CALUSERU, on behalf of themselves, all other similarly situated, and the general public

Plaintiffs,

vs.

CAITLYN JENNER and SOPHIA HUTCHINS,

Defendants.

Case No. 2:24-cv-09768-SB-JC

CLASS ACTION

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Judge: Hon. Stanley Blumenfeld, Jr.
Date: August 1, 2025
Time: 8:30 a.m.
Courtroom: 6C
Action Filed: November 13, 2024

# REQUEST FOR JUDICAL NOTICE

## I. LEGAL STANDARD

This Court may take judicial notice of a fact where it "is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Under the incorporation by reference doctrine, courts may take judicial notice of documents not attached to the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Separate from the incorporation by reference doctrine, posts on X (formally known as "Tweets") are judicially noticeable as publicly available documents that are not reasonably questioned. *See Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107, 1115 (C.D. Cal. 2024) (discussing cases and taking judicial notice of Tweets).

### A. <u>REQUEST NO. 1:</u> Jenner's May 27, 2024 post on X referenced in paragraph 78 of the Second Amended Complaint ("SAC") was posted at 11:22 p.m. EDT.

The SAC alleges that the misrepresentation that gives rise to the Common Law Fraud cause of action is an X post by Defendant Caitlyn Jenner dated May 27, 2024. *See* SAC ¶¶ 79, 276. Attached as **Exhibit 1** is a true and correct copy of the X post by Jenner referenced in paragraph 78 of the SAC, which is the post by Jenner that precedes the post relied on in paragraph 276. The annexed copy of the X post was viewed in the EDT time zone and, accordingly, shows the post was made at 11:22 p.m. EDT. The fact that this post was made at 11:22 p.m. EDT is judicially noticeable on two separate grounds. First, it forms the basis of Plaintiffs' Common Law Fraud cause of action. *See Ritchie*, 342 F.3d at 908. Second, it is a publicly available document that is not reasonably questioned. *See Haas Automation, Inc.*, 750 F. Supp. 3d at 1115. Thus, the X post by Jenner referenced in in paragraph 78 of the SAC is judicially noticeable.

**B. REQUEST NO. 2: Defendant Jenner's May 27, 2024 post on X referenced in paragraph 79 of the SAC was posted at 11:24 p.m. EDT.**

Attached as **Exhibit 2** is a true and correct copy of Defendant Jenner's X post referenced in paragraph 79 of the SAC and relied on in paragraph 276 of the SAC in Plaintiffs' Common Law Fraud cause of action. The annexed copy of the X post was viewed in the EDT time zone and, accordingly, shows the post was made at 11:24 p.m. EDT. This post is judicially noticeable for the same reasons that **Exhibit 1** is judicially noticeable.

DATED: June 20, 2025

**BLANK ROME LLP**

By: */s/ Cheryl S. Chang*

Cheryl S. Chang
Jennifer L. Achilles (*pro hac vice*)
Jamison T. Gilmore
Michael E. Donohue (*pro hac vice*)

*Attorneys for Defendants*
*Caitlyn Jenner and Sophia Hutchins*